FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 10, 2018

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JENIFER MAE PETER,<br><br>        Plaintiff,<br><br>  vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | No. 1:16-cv-03173-MKD<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT<br><br>ECF Nos. 13, 14 |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 13, 14. The parties consented to proceed before a magistrate judge. ECF No. 5. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court grants Plaintiff's motion (ECF No. 13) and denies Defendant's motion (ECF No. 14).

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674

F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE-STEP EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner

considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c); 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c); 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d); 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the

Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff applied for Title II disability insurance benefits and also protectively applied for Title XVI supplemental security income benefits on March 19, 2013, alleging a disability onset date of February 17, 2012. Tr. 239-49. The applications were denied initially, Tr. 113-14, and on reconsideration, Tr. 135-36. Plaintiff appeared at a hearing before an administrative law judge (ALJ) on January 13, 2015. Tr. 43-84. On March 13, 2015, the ALJ denied Plaintiff's claim. Tr. 15-36.

At step one of the sequential evaluation analysis, the ALJ found Plaintiff has not engaged in substantial gainful activity since February 17, 2012. Tr. 20. At

step two, the ALJ found Plaintiff has the following severe impairments: polyarthralgia, gastroesophageal reflux disease (GERD), history of dysuria, obesity, depression, anxiety disorder not otherwise specified, personality disorder, and marijuana use disorder. Tr. 20. At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 23. The ALJ then concluded that Plaintiff has the RFC to perform light work with the following with the following limitations:

> [S]he can occasionally climb ladders, ropes, and scaffolds; she can frequently stoop, kneel, crouch, and crawl; she is limited to occasional exposure to extreme cold, vibration, pulmonary irritants such as dust, fumes, odors, gases, pollens, and poor ventilation; she is limited to tasks that can be learned in 30 days or less, involving no more than simple work-related decisions in few workplace changes; she is limited to occasional public interaction; she is able to interact with coworkers on an occasional and superficial basis but would not do well as a member of a highly interactive or interdependent work group.

Tr. 24.

At step four, the ALJ found Plaintiff is unable to perform any past relevant work. Tr. 30. At step five, after considering the testimony of a vocational expert, the ALJ found there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as assembler, cleaner/housekeeping, and packing line worker. Tr. 31. Thus, the ALJ concluded Plaintiff has not been under a disability since February 17, 2012, the alleged onset date. Tr. 31.

On July 28, 2016, the Appeals Council denied review of the ALJ's decision, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for review:

1. Whether the ALJ properly evaluated the medical opinion evidence;
2. Whether the ALJ properly identified all of Plaintiff's severe impairments at step two;
3. Whether the ALJ properly evaluated the lay opinion evidence; and
4. Whether the ALJ properly evaluated the credibility of Plaintiff's testimony.

ECF No. 13 at 7-20.

## DISCUSSION

### A. Medical Opinion Evidence

Plaintiff contends the ALJ failed to properly consider the medical opinions of Dr. Billings, Dr. Bernardez-Fu, Dr. Burdge, Dr. Crank, Dr. Dhanota, and Dr. Drenguis. ECF No. 13 at 9-15.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id.* at 1202. "In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id*. (citations omitted).

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and brackets omitted). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported

by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester v. Chater,* 81 F.3d 821, 830-831 (9th Cir. 1995)).

   1. *Emma Billings, Ph.D.*

Dr. Billings examined Plaintiff on May 30, 2012. Tr. 351-56. Dr. Billings opined Plaintiff functions at an overall borderline level of intellect, would likely need a patient employer that would provide long training periods and frequent repetition, faces a significant problem in her anger management, and that it would be difficult to perceive Plaintiff maintaining employment under these circumstances. Tr. 356. The ALJ assigned some weight to this opinion. Tr. 29. Dr. Billings' assessment of Plaintiff's psychological limitations was contradicted by Dr. Burdge. Tr. 395-97. Therefore, the ALJ needed to identify specific and legitimate reasons to discredit Dr. Billings' opinion. *Bayliss,* 427 F.3d at 1216.

Although the ALJ discussed Dr. Billings' findings, the ALJ failed to explain why he gave Dr. Billings' opinion only some weight. Tr. 29. Moreover, the ALJ failed to identify which opinions and limitations to which he assigned limited weight. Tr. 29. Here, Dr. Billings' assessment of borderline intellectual functioning and a need for a patient employer with long training periods and frequent repetition appear to be addressed by the RFC's limitation to tasks that can be learned in 30 days or less and with no more than simple work-related decisions in few workplace changes. Tr. 24, 356. However, the ALJ failed to address Dr.

Billings' assessment of Plaintiff's anger issues and the ALJ did not incorporate into the RFC or explicitly reject Dr. Billings' opinion that "it is difficult to perceive [Plaintiff] would be able to maintain employment under the current circumstances." Tr. 356. A statement by a medical source that a claimant is "unable to work" is not a medical opinion and is not due any special significance. 20 C.F.R. §§ 404.1527 (d), 416.927(d). Nevertheless, the ALJ is required to "carefully consider medical source opinions about any issue, including opinion about issues that are reserved to the Commissioner." Social Security Ruling (SSR) 96-5p, 1996 WL 374183, at *2 (July 2, 1996). "If the case record contains an opinion from a medical source on an issue reserved to the Commissioner, the adjudicator must evaluate all the evidence in the case record to determine the extent to which the opinion is supported by the record." *Id.* at *3. Here, the ALJ merely summarized Dr. Billings' findings and failed to offer any discussion of Dr. Billings' opinion about Plaintiff's anger issues or ability to work. Tr. 29. This was error. The ALJ is instructed to readdress this medical opinion evidence on remand.

   *2. Robert Bernardez-Fu, M.D.*

   Plaintiff argues the ALJ improperly incorporated reviewing physician Dr. Bernardez-Fu's opinion into the RFC without explanation. ECF No. 13 at 12; ECF No. 15 at 8. Dr. Bernardez-Fu reviewed the record and determined Plaintiff is capable of light work with some additional limitations. Tr. 144-46.

The ALJ must evaluate every medical opinion received according to a list of factors set forth by the Social Security Administration. 20 C.F.R. § 416.927(c). These factors apply when evaluating the opinions of state medical consultants. 20 C.F.R. § 416.913a(b). "Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)). Dr. Bernardez-Fu assessed a series of functional limitations, which were incorporated into the RFC. Tr. 144-46, 24.

The ALJ did not discuss Dr. Bernardez-Fu's opinion or explain why Dr. Bernardez-Fu's assessed limitations were incorporated into the RFC. Because the ALJ incorporated Dr. Bernardez-Fu's assessed limitations into the RFC, the ALJ did not need to identify clear and convincing reasons for his treatment of Dr. Bernardez-Fu's opinion. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010). However, since this case is being remanded on other grounds, the ALJ is instructed to readdress this medical opinion evidence on remand.

*3. Aaron Burdge, Ph.D.*

Dr. Burdge offered two assessments. On August 7, 2012, Dr. Burdge opined Plaintiff would have mostly mild or no limitations on her ability to perform basic work activities, with moderate restrictions in her ability to maintain a regular

schedule, communicate effectively, complete a work day without interruption from psychologically based symptoms, and maintain appropriate behavior in the workplace. Tr. 485-89. On January 16, 2013, Dr. Burdge opined Plaintiff would have mild to no limitations in her ability to perform basic work activities. Tr. 393-97. The ALJ assigned some weight to Dr. Burdge's opinion. Tr. 29.

Dr. Burdge's opinion was contradicted by Dr. Kraft and Dr. Billings, Tr. 161-62, 356, 395-97, thus, the ALJ needed specific and legitimate reasons to discredit Dr. Burdge's opinion. *Bayliss,* 427 F.3d at 1216. Although the ALJ discussed Dr. Burdge's 2013 opinion, the ALJ failed to explain why he gave the opinion some weight. Tr. 29. The ALJ also failed to mention the 2012 opinion or discuss the limitations opined therein. Tr. 29. Here, the ALJ indicated he gave some weight the 2013 opinion that found mild to no limitations, failed to discuss the 2012 opinion finding more moderate impairments, yet formulated an RFC that seems to account for some of the moderate limitations assessed in the 2012 opinion. Tr. 24. The ALJ's failure explain his treatment of Dr. Burdge's opinions was error. The ALJ is instructed to readdress this medical opinion evidence on remand.

*4. Additional Assignments of Error*

The Court concludes that in light of the foregoing, a new sequential evaluation is necessary on remand to take into account the reconsidered medical

evidence. Because the ALJ's findings at step two, evaluation of the lay testimony, and assessment of Plaintiff's credibility were all based in part on the medical evidence, the ALJ should reconsider these findings on remand. As such, the Court declines to reach Plaintiff's other assignments of error.

**REMEDY**

Plaintiff urges the Court to remand for immediate award of benefits. ECF No. 13 at 19-20. To do so, the Court must find that the record has been fully developed and further administrative proceedings would not be useful. *Garrison*, 759 F.3d at 1019-20; *Varney v. Sec. of Health and Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988). But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

Here, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated. Further proceedings are necessary for the ALJ to properly consider the medical opinion evidence. On

remand, the ALJ shall reconsider the medical opinion evidence and shall conduct a new sequential evaluation based on the newly considered record.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error.

**IT IS ORDERED:**

1. Plaintiff's motion for summary judgment (ECF No. 13) is **GRANTED.**

2. Defendant's motion for summary judgment (ECF No. 14) is **DENIED.**

3. Application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order, enter **JUDGMENT FOR THE PLAINTIFF**, provide copies to counsel, and **CLOSE THE FILE.**

DATED January 10, 2018.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE